■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX GONZALEZ, Appellant. [702 NYS2d 822] —Judgment,

Supreme Court, New York County (Charles Tejada, J.), rendered February 3, 1997, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, assault in the second degree (three counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree (two counts), and sentencing him to an aggregate term of 7¼ to 17½ years, unanimously affirmed.

By failing to object or failing to seek any further relief after objections were sustained, defendant failed to preserve his present challenges to the People's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

Since defendant's challenge to the sufficiency of the evidence supporting the operability of the weapon in question was raised for the first time in a post-verdict motion, it is unpreserved (*see, People v Padro*, 75 NY2d 820), and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was ample evidence of operability.

Any error in the court's failure to suppress certain bullets was harmless beyond a reasonable doubt (*see, People v Crimmins*, 36 NY2d 230), given the overwhelming evidence of defendant's guilt. Concur—Tom, J. P., Rubin, Andrias, Buckley and Friedman, JJ.